656 So.2d 1000 (1995)
The TRAVELERS INSURANCE COMPANY
v.
Charles JOSEPH, Donald N. Wright, National Union Fire Insurance Company of Pittsburgh and Liberty Lloyds Insurance Company.
No. 95-C-0200.
Supreme Court of Louisiana.
June 30, 1995.
Rehearing Denied September 1, 1995.
*1001 Richard Bouligny Eason, II, Arthur F. Hickham, Jr., Adams & Reese, New Orleans; for applicant.
Brian Timothy Butler, Baton Rouge, for respondent.
WATSON, Justice.[1]
The issues presented are: (1) whether a workers compensation insurer may recover reimbursement of compensation benefits and medical expenses from an uninsured/underinsured motorist insurer; and (2) if so, whether the uninsured/underinsured motorist insurance policy may expressly exclude recovery by a compensation insurer.

FACTS
Travelers Insurance Company filed suit seeking reimbursement of workers compensation benefits it paid on behalf of its insured, Enclean, Inc. John Oliney, Enclean's employee, was allegedly injured in an automobile accident on March 16, 1991, while in the course and scope of his employment. National Union Fire Insurance Company of Pittsburgh provided automobile liability insurance, including UM coverage, to Enclean.
Defendant National filed a motion for summary judgment asserting: (1) a 1989 amendment to LSA-R.S. 23:1101 redefined "third persons" from whom compensation insurers could recover reimbursement to exclude UM insurers; and (2) the National policy excluded reimbursement of workers compensation payments. Summary judgment was granted in favor of National on both grounds. The court of appeal reversed on both grounds. 94-0049 (La.App. 1 Cir. 12/22/94), 649 So.2d 53. A writ was granted to consider the issues. 95-0200 (La. 3/24/95), 651 So.2d 282.

LAW AND DISCUSSION
A motion for summary judgment is properly granted only if there is no genuine issue of material fact, and mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
*1002 Between 1976 and 1985, LSA-R.S. 23:1101 provided:
When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee's rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents.
Johnson v. Fireman's Fund Ins. Co., 425 So.2d 224, 227 (La.1982), held that a "third person" is anyone legally liable to pay an injured employee's damages who is not among those persons against whom compensation is the employee's exclusive remedy. Because the employer's UM insurer is obligated to repair damage caused by an uninsured or underinsured motorist, an employer's UM insurer is a "third person" legally liable to pay an employee damages resulting from a work-related automobile accident. Id., at 227. Thus, the employer's compensation insurer may file suit against the employer's UM insurer for reimbursement of benefits paid to the injured employee. The employer or his compensation insurer cannot recover compensation from the employee's own UM insurer, since this would violate the compensation act's prohibition against direct or indirect collections from an employee to reimburse the cost of workers compensation insurance. Id., at 229; LSA-R.S. 23:1163.
In 1989, the legislature amended LSA-R.S. 23:1101[2] by Act No. 454, effective January 1, 1990, to add subsection C which provides:
C. For purposes of this Section, "third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.
This amendment's effect is disputed by the parties. National contends that the amendment's definition effectively overrules Johnson. Since the amendment defines a "third person" as one who actually causes the employee's injury, it excludes UM insurers who do not actually cause injury. Travelers contends that the amendment expands the definition of "third person" to include tortfeasors whose negligent conduct aggravates an existing work injury.
Rules of statutory interpretation dictate that "when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written without further interpretation in search of the intent of the legislature." New Orleans Rosenbush Claims Service, Inc. v. City of New Orleans, 94-2223, p. 11 (La. 1995), 653 So.2d 538; Russo v. Vasquez, 94-2407 (La.1995), 648 So.2d 879; LSA-C.C. art. 9. The words of a statute must be given their generally prevailing meaning and statutes on the same subject must be interpreted with reference to each other. LSA-C.C. arts. 11, 13. In addition, "[t]he legislature is presumed to have enacted a statute in light of the preceding statutes involving the same subject matter and court decisions construing *1003 those statutes, and where the new statute is worded differently from the preceding statute, the legislature is presumed to have intended to change the law." New Orleans Rosenbush Claims Service, Inc. v. City of New Orleans, supra, p. 11.
In amending LSA-R.S. 23:1101, the legislature did not alter the substance of redesignated subsections A and B and did not change that portion of the law. Subsection A defines a third person as someone with a "legal liability to pay damages" to the injured employee. In adding subsection C, the legislature used the term "include" to define "third person". According to Black's Law Dictionary (5th ed. 1979), the generally prevailing meaning of the word "include" is as follows:
Term may, according to context, express an enlargement and have the meaning of and or in addition to, or merely specify a particular thing already included within general words theretofore used. "Including" within [a] statute is interpreted as a word of enlargement or of illustrative application as well as a word of limitation.
Subsection C enlarged the definition of "third person" to include those parties aggravating an existing work injury. Prior to Subsection C's enactment, compensation insurers could not recover against tortfeasors who aggravated a work injury. Emp. Mut. Liab. Ins. Co. of Wis. v. Dixon, 425 So.2d 885 (La.App. 4 Cir.1983), denied a compensation insurer reimbursement of compensation benefits paid for aggravation of work-related injuries in a subsequent non-employment auto accident. Cahill v. Schultz, 521 So.2d 442 (La.App. 4 Cir.1988), dismissed a compensation insurer's reimbursement intervention in an employee's tort suit arising from an accident subsequent to a work-related injury.
The 1989 amendment to LSA-R.S. 23:1101 allows compensation insurers reimbursement from persons who aggravate work-related injuries and thereby extend the obligation to pay compensation benefits. Hanover Ins. Co. v. Allstate Ins. Co., 554 So.2d 1261, 1268 n. 3 (La.App. 1 Cir.1989), notes that Subsection C overrules the jurisprudence holding that a compensation carrier has no cause of action against a tortfeasor when the accident does not occur in the course and scope of employment.
The 1989 amendment to LSA-R.S. 23:1101 did not redefine "third person" to prohibit a compensation insurer from seeking compensation reimbursement against a UM insurer. National is not entitled to summary judgment on this ground.
The second issue is whether an employer's UM policy exclusion may prevent a workers compensation insurer from recovering compensation benefits paid to the UM policyholder's employee injured by an uninsured/underinsured motorist. The National automobile liability policy contains an endorsement entitled "Louisiana Uninsured Motorists Coverage-Bodily Injury" which provides:

C. EXCLUSIONS
This insurance does not apply to:
* * * * * *
2. The direct or indirect benefit of any insurer or self-insurer under any workers compensation, disability benefits or similar law.
National argues that this exclusion should be enforced as a lawful contractual provision which does not conflict with public policy. National contends the public policy of UM insurance, that of promoting full recovery of damages by innocent automobile accident victims, is advanced by enforcing its exclusion. Travelers contends that the policy exclusion limits National's UM liability to less than that of a tortfeasor, which violates the principle of full recovery. Travelers claims the compensation insurer is also an innocent victim and the policy exclusion promotes double recovery.
The legislative scheme provides compensation insurers with a reimbursement cause of action against third persons, LSA-R.S. 23:1101(B). It subrogates insurers to all the employer's rights and actions. LSA-R.S. 23:1162. Compensation insurers must be notified of suits filed against third persons and there are consequences for failure of notification or compromise without the compensation insurer's written approval. LSA-R.S. *1004 23:1102. The employer or its compensation insurer must be paid in preference from any judgment rendered against a third person. LSA-R.S. 23:1103.
However, strong public policy considerations support UM legislation. "The object of [UM] legislation is to promote full recovery for damages by innocent automobile accident victims by making uninsured motorist coverage available for their benefit as primary protection when the tortfeasor is without insurance and as additional or excess coverage when he is inadequately insured." Hoefly v. Government Employees Ins. Co., 418 So.2d 575, 578 (La.1982); Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (1992); LSA-R.S. 22:1406(D). Liberal construction of the UM statute ensures this objective "of providing reparation for those injured through no fault of their own." Hoefly, 418 So.2d at 578. A UM insurer's liability "is conditioned by the tortfeasor's total or partial lack of liability insurance, the type of damage [the tortfeasor] has caused and any limits in the insurer's policy that are permitted by law." Hoefly, 418 So.2d at 579.
As stated in Daigle v. Clemco Industries, 613 So.2d 619, 624 (La.1993), "[t]he courts of this state are not authorized to review otherwise valid contracts to determine whether they conform to judicial notions of morals, moral conduct and public order" (citation omitted). The Civil Code establishes that "[p]arties are free to contract for any object that is lawful, possible, and determined or determinable." LSA-C.C. art. 1971; see Barrera v. Ciolino, 92-2844 (La.1994), 636 So.2d 218; Daigle, 613 So.2d at 622.
LSA-C.C. art. 7 provides that "[p]ersons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity." LSA-C.C. art. 1968 pronounces "[t]he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy." A contract is absolutely null "when it violates a rule of public order, as when the object of a contract is illicit or immoral." LSA-C.C. art. 2030; see Daigle, 613 So.2d at 624. "None of these provisions grants judges the prerogative to disregard public policy decisions underlying legislation or to reweigh balances of interests and policy considerations already struck by the legislature." Id. Thus, the Civil Code establishes the freedom to contract on all matters not forbidden by law.
There is strong public policy supporting full recovery for innocent automobile accident victims by making UM coverage available when they are injured by impecunious tortfeasors. Although the legislature allows compensation insurers to obtain compensation benefits reimbursement from third persons, no statute prohibits an employer from contracting with its UM insurer to exclude compensation reimbursement.
Two appellate cases have considered a workers compensation exclusion in UM policies. Williams v. Thonn, 487 So.2d 619, 621 (La.App. 4 Cir.1986), reasoned that, since a UM insurer cannot reduce its liability by an insured's compensation benefits (when the credit's effect reduces UM coverage below the statutory requirement), a UM carrier cannot exclude liability for reimbursement to the compensation insurer. Collins v. Angelina Cas. Co., 517 So.2d 990 (La.App. 3 Cir.), writ denied, 519 So.2d 106 (La.1987), relied in part on Williams to invalidate a similar policy exclusion.
Williams' reasoning is partially right. A UM insurer may not reduce its liability by compensation benefits paid to an insured when the credit reduces the UM amount available to the insured. This is consistent with the strong public policy favoring full recovery by UM insureds. However no statutory provision or policy consideration precludes a UM carrier from contracting to exclude liability for compensation reimbursement. The appellate court's conclusion "`under-estimate[s] the importance and strength of the Civil Code principles establishing freedom to contract' on all matters not forbidden by law." Barrera, 636 So.2d at 223 (citing Daigle, 613 So.2d at 623). National's UM policy contains a valid exclusion. National is entitled to summary judgment as a matter of law on the second ground asserted in its motion for summary judgment.

*1005 CONCLUSION
The 1989 amendment to LSA-R.S. 23:1101 expands the definition of "third persons" from whom compensation insurers can recover reimbursement. A compensation insurer's right to seek reimbursement of compensation benefits from third persons legally liable to pay damages includes UM insurers (as well as those tortfeasors whose negligent conduct aggravates a work injury for which a compensation insurer is obligated to pay benefits). Although a compensation insurer may seek reimbursement from a UM insurer, a UM insurer may expressly exclude a compensation insurer's reimbursement in its UM policy under the Civil Code's freedom to contract on all matters not forbidden by law or public policy.
COURT OF APPEAL REVERSED IN PART, AFFIRMED IN PART; SUMMARY JUDGMENT GRANTED; SUIT DISMISSED AGAINST NATIONAL UNION FIRE INSURANCE COMPANY.
VICTORY, J., and LOTTINGER, J. Pro Tem., concur.
NOTES
[1] Judge Morris A. Lottinger, Jr., Court of Appeal, First Circuit, participating as Associate Justice Pro Tempore, in place of Associate Justice James L. Dennis.

Kimball, J., not on panel. Rule IV, § 3.
[2] An earlier 1985 amendment inserted subsection designations; substituted "R.S. 23:1032" for "section 1032 of this chapter" in subsection A and "becomes obligated" for "become obligated" in subsection B; and added a sentence in subsection B regarding the effect of the injured employee's comparative negligence.