695 So.2d 562 (1997)
CLEANING SPECIALISTS, INC.
v.
Samuel JOHNSON, Jr.
Samuel JOHNSON, Jr.
v.
UNITED SOUTHERN ASSURANCE COMPANY, Paula C. Fox, Earl J. Fox, Jr. and Zurich Insurance Company.
Nos. 96-CA-2677, 97-CA-0001.
Court of Appeal of Louisiana, Fourth Circuit.
May 21, 1997.
*563 Edmond J. Harris, Valteau, Harris, Koenig & Mayer, New Orleans, for Appellant Samuel Johnson, Jr.
Kirk L. Landry, Keogh, Cox & Wilson, Ltd., Baton Rouge, for Appellees Cleaning Specialists, Inc. and Louisiana Construction and Industry Self Insurers Fund.
Patrick C. Grace, Law Office of Robert J. Neal, Metairie, for Appellees Zurich Insurance Company, American Zurich Insurance Company and Zurich America Insurance Group Companies.
Before LOBRANO, ARMSTRONG and LANDRIEU, JJ.
LOBRANO, Judge.
The central issue in these consolidated cases is whether an employer's compensation insurer has a right to reimbursement and/or credit from the employer's uninsured/underinsured (UM) motorist carrier even though the UM policy specifically excludes any benefit to the compensation carrier. Because these cases involve the same factual scenario and the legal issues are intertwined, we have consolidated them for purposes of this appeal. One is an appeal, 96-CA2677, from a decision of the Office of Workers' Compensation in the compensation claim filed by the injured employee and the other involves an appeal, 96-CA-0001, from the dismissal of the UM insurer from the employee's tort suit in which the compensation carrier intervened. The worker's compensation hearing officer held that the UM carrier's exclusion of the compensation insurer's right to reimbursement is against public policy and unenforceable.[1] Based on our appreciation of the holding in Travelers Insurance Company v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000, we disagree.

FACTS AND PROCEDURAL HISTORY:
Both cases arise out of an April 12, 1994 automobile accident in which Samuel Johnson, Jr. was injured. At the time of the accident, Johnson was within the course and scope of his employment with Cleaning Specialists, Inc. He was driving his employer's vehicle when he was struck by a vehicle owned by Earl J. Fox, Jr., operated by Paula C. Fox, and insured by United Southern Assurance Company. The vehicle driven by *564 Johnson was insured by Zurich Insurance Company and was covered for UM.[2]
Johnson sought workers' compensation benefits from his employer's compensation insurer, Louisiana Construction and Industry Self Insurers Fund (Louisiana Construction). Cleaning Specialists, Inc. and Louisiana Construction filed a disputed claim with the Office of Worker's Compensation seeking, inter alia, credit against their compensation obligation for any UM benefits received by Johnson. In addition, Louisiana Construction intervened in Johnson's tort suit filed in Civil District Court. In the suit, Johnson alleged that the tortfeasor was underinsured and that Zurich, the UM carrier, was responsible under its policy.[3]
After settling his UM claim with Zurich, Johnson pursued the motion for declaratory judgment he previously filed wherein he sought a ruling from the compensation hearing officer that Louisiana Construction was not entitled to reimbursement or a credit out of the UM settlement proceeds.[4] In support of his position, Johnson relied on the policy exclusion and the case of Travelers Insurance Company v. Joseph, supra. The hearing officer rejected Johnson's arguments and distinguished Travelers. She concluded that because Travelers involved a claim by the compensation carrier directly against the UM carrier, and not a third party claim brought by the injured employee, Travelers was not controlling. She opined that once Zurich settled with Johnson it placed itself in the position of the statutorily defined "third party" under La. R.S. 23:1101 and its exclusionary clause became unenforceable. To hold otherwise, she concluded, would be against the law of equity since it would permit double recovery by the claimant. Johnson appeals that ruling. In the Civil District Court suit, the compensation insurer appeals that Court's judgment which dismissed, with prejudice, Zurich from those proceedings.
In both appeals, the thrust of the arguments is whether Travelers is applicable. Louisiana Construction relies on the hearing officer's reasons for judgment plus their additional argument that the exclusionary clause is not applicable with respect to a credit against future compensation obligations. Louisiana Construction also argues that it is not an insurer, but a "fund" of member participants and therefore the exclusion cannot apply to it.

DISCUSSION:
The precise issue framed in Travelers was "whether an employer's UM policy exclusion may prevent a workers compensation insurer from recovering compensation benefits paid to the UM policyholder's employee injured by an uninsured/underinsured motorist." Travelers Ins. Co., 656 So.2d at 1003. Relying on the individual's right to contract on all matters not forbidden by law, the Supreme Court held that "no statute prohibits an employer from contracting with its UM insurer to exclude compensation reimbursement." Travelers, 656 So.2d at 1004. The exclusionary language in Travelers is identical to the language in the instant case. Both provide that UM insurance does not apply to: "The direct or indirect benefit of any insurer or self-insurer under any workers compensation, disability benefits or similar law." Despite the hearing officer's attempt to distinguish Travelers on its facts, and despite her concerns about "double recovery" by the employee, for the following reasons we determine that Travelers controls.
*565 First, we note that the factual distinction made by the hearing officer is irrelevant to the holding in Travelers. Whether the compensation insurer intervenes in the employee's suit against the UM carrier or brings a claim directly against the UM insurer makes no difference with respect to the enforceability of the exclusionary clause.[5] According to Travelers, the validity of that clause is satisfied by the insurer and the employer's freedom to contract on all matters not forbidden by law and not according to which party seeks recovery from the UM insurer. And, the court specifically held that the clause was not against public policy. Furthermore, the Travelers court rejected this court's holding in Williams v. Thonn, 487 So.2d 619 (La. App. 4th Cir.1986) wherein we voided an identical exclusionary clause. As in the instant case, the compensation insurer in Williams intervened in the employee's suit. Thus, we see no rational basis to reject Travelers on the factual distinction made by the hearing officer. It is a distinction which makes no difference.
Second, we acknowledge that the hearing officer's concern about double recovery is a legitimate concern. However, our appreciation of Travelers is that the double recovery argument was rejected in favor of the "freedom to contract" principle and the strong public policy considerations which support UM legislation.[6] In fact, our opinion in Williams v. Thonn, relied heavily on the double recovery argument to reject the exclusionary clause. But, as we have already noted, Travelers disapproved of our holding in Williams. Thus, despite whatever legitimacy there may be in the double recovery argument, we are bound by its rejection in Travelers.
Next, Louisiana Construction makes the additional argument that Travelers is distinguishable because the claim in that case was for reimbursement of compensation already paid whereas in this case a credit against future compensation payments is sought. We find no merit in that argument because the rationale of Travelers is not supportive of that distinction. The exclusionary clause prohibits any "direct or indirect benefit." A credit against future obligations would certainly be an indirect benefit, if not a direct one.
Finally, Louisiana Construction argues that it is not an insurer, but a "fund" and therefore the exclusionary clause is inapplicable. It states in brief that it is a "group self-insurance fund" established pursuant to La. R.S. 23:1191, et. seq. and accordingly "such arrangement shall not be deemed to be insurance." We find no merit in this argument. Although the cited statute (repealed in 1995) provided that self-insurance funds would not be deemed insurance, undoubtedly the funds are self-insurance. And the exclusion applies to a self insurer. Louisiana Construction's argument is one of semantics and not substance. By the statutes' own terms, the definition of the fund is a group "self insurer's" fund. To conclude that Louisiana Construction is not a self insurer would require ignoring the clear intent of La. R.S. 23:1191 which authorized self insurance.[7] We hold that the exclusionary clause is applicable to Louisiana Construction and Industry Self-Insurance Fund.
Because we have concluded that Louisiana Construction is not entitled to reimbursement from the UM insurer, there is no error in the judgment of Civil District Court which dismissed Zurich, the UM insurer, with prejudice. Of course, Louisiana Construction's rights against the other remaining defendants are not affected by the dismissal of Zurich.
*566 Finally, we find no merit in the request for sanctions for frivolous appeal filed by both parties.
For the above stated reasons, the judgment of the Office of Worker's Compensation is reversed and the judgment of the Civil District Court is affirmed.
96-CA-2677-REVERSED.
97-CA-0001-AFFIRMED.
NOTES
[1] The employee's claim against the UM carrier in Civil District Court was settled and the UM insurer was dismissed with prejudice even though the compensation carrier had intervened. That ruling has also been appealed. However, our disposition in the worker's compensation case resolves the issue of the UM carrier's dismissal in the Civil District Court tort suit.
[2] In the appeal records for these cases, the UM insurer of Cleaning Specialists, Inc. is referred to by several different names: Zurich Insurance Company, Zurich-American Insurance Company, American Zurich Insurance Company and Zurich American Insurance Group Companies. For purposes of this appeal, we will refer to this party as Zurich Insurance Company or Zurich.
[3] The intervention was initially filed as a separate action but was later consolidated with the main demand.
[4] Prior to the UM settlement, Johnson had filed the motion for declaratory judgment in the compensation proceedings. The motion was initially opposed because it was premature. However, once the settlement came about, the issue was ripe for determination by the hearing officer. Although we question whether declaratory relief is procedurally proper for summary disposition, the merits of the issue eventually had to be determined by the hearing officer. Neither Johnson, his employer nor the compensation insurer raise any procedural arguments in this Court.
[5] La. R.S. 23:1101 provides a reimbursement cause of action in favor of the compensation insurer and against third parties. La. R.S. 23:1102 provides for the compensation insurer's right of intervention in the employee's suit against a third party.
[6] At the very beginning of the Travelers opinion, the court summarizes the arguments of the compensation insurer, one of which was "the policy exclusion promotes double recovery." Travelers, 656 So.2d at 1003.
[7] The argument is also made that the employer is not an insurer and thus the clause is inapplicable to it. While that may be a correct statement, the employer is not seeking the compensation reimbursement or credit in this case. Louisiana Construction made the compensation payments and thus is the proper party to seek reimbursement.