737 So.2d 58 (1999)
Clement LANDRY, Plaintiff-Appellant,
v.
MARTIN MILLS, INC., Defendant-Appellee.
No. 98-1395.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1999.
Writ Denied June 4, 1999.
*59 Kenneth Neal Hawkins, Lafayette, for Clement Landry.
James Edward Diaz, Jr., Lafayette, for Martin Mills, Inc.
BEFORE: YELVERTON, COOKS, and PETERS, Judges.
YELVERTON, J.
Clement Landry, Sr. was injured in a truck accident in 1993. He was driving a truck owned by Martin Mills, Inc. He was in the course and scope of his employment with Martin Mills when the accident took place.
When a suit arising from this accident was filed, Mr. Landry and Martin Mills, Inc., intervened and sought recovery from the driver of the motorcycle which caused the accident, and from Travelers Indemnity Insurance Company (Travelers) as Martin Mills' uninsured motorist carrier, for the interveners' losses and damages. On November 20, 1996, judgment was rendered in favor of Clement Landry and against Travelers in the amount of $428,111.00, subject to a credit for $10,000.00 paid by the insurer of the motorcycle. The judgment was paid in April 1997 but, for reasons not disclosed by the record, the judgment paid was stipulated to have been in the amount of $271,444.67. Mr. Landry then issued a reimbursement to Martin Mills for workers' compensation benefits paid in the amount of $24,181.64. Mr. Landry eventually received, after deduction for this reimbursement, as well as payment of attorney's fees, costs, and other obligations, a net judgment of $138,215.94.
On or about May 9, 1997, following payment of the tort judgment, Martin Mills *60 ceased paying weekly indemnity benefits to Mr. Landry. On June 27, 1997, medical benefits were also suspended. Martin Mills suspended benefits because, under the dictates of La.R.S. 23:1103(A)(1), where an employee receives tort proceeds in an action against a third person arising from a work-related accident, the employer is entitled to suspend weekly indemnity and medical benefits until such time as the credit is exhausted. Essentially, Martin Mills considered Travelers to be a "third person" from whom Mr. Landry received tort proceeds thus entitling Martin Mills to suspend additional benefits. Engaging different counsel, Mr. Landry filed a disputed claim for compensation with the Office of Workers' Compensation.
Travelers' UM insurance policy contained the following exclusion:
C. Exclusions
This insurance does not apply to:
. . . .
2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.
According to the record, Martin Mills is considered self-insured for workers' compensation purposes.
As previously stated, the tort judgment was in favor of Clement Landry and against Travelers; Travelers paid Mr. Landry; and Mr. Landry paid Martin Mills. During the litigation leading to this judgment neither Travelers nor anyone else raised the terms of the exclusion against payment of UM benefits to reimburse a self-insured for the payment of workers' compensation benefits.
On July 29, 1998, the workers' compensation judge rendered judgment on the present claim and found that Martin Mills was entitled to a credit as to its future workers' compensation obligations. He relied on La. R.S. 23:1103(A)(1). The workers' compensation judge disregarded the UM policy exclusion quoted above. He reasoned that, because the compensation exclusion was not invoked or argued by either the UM carrier or the tort claimant in the tort litigation, the UM exclusion was ineffective to prevent the defendant from obtaining its statutory credit under La. R.S. 23:1101. Mr. Landry appealed.

ISSUES
The first issue is whether the employer, Martin Mills, is entitled to a credit against its future workers' compensation obligations where its employee, Mr. Landry, received a payment from the employer's UM carrier, Travelers, despite the exclusionary clause in its policy which stated that it would not provide any direct or indirect benefit to any self-insurer under any workers' compensation law.
If the answer to the first issue is no, the second issue is whether Mr. Landry is entitled to attorney's fees and penalties.

CREDIT
The right of an employer to recover workers' compensation payments made to an employee injured in a workrelated accident by a third person is firmly established in our law. Louisiana Revised Statute 23:1101(B) specifically provides for a right in one who has paid compensation benefits to an injured worker to bring suit against the third person who has caused the injury to "recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents." Therefore, an employer can recover workers' compensation benefits it has paid to its injured employee from the third persons who are actually responsible for the damages incurred.
The Louisiana Supreme Court in Travelers Ins. Co. v. Joseph, 95-0200 (La.6/30/95); 656 So.2d 1000, confronted the question of whether a workers' compensation insurer can recover reimbursement of compensation benefits from an uninsured/underinsured motorist carrier. Considering the case of Johnson v. Fireman's Fund Ins. Co., 425 So.2d 224 (La. *61 1982) and the 1989 amendment to La.R.S. 23:1101 which redefined the term "third person," the court agreed that an employer's UM insurer is a "third person" legally liable to pay an employee damages arising from a work-related accident. Further, in Joseph the court made it clear that an employer's compensation insurer can recover compensation reimbursement against a UM insurer as a "third person" who is obligated to repair the harm done to the employee.
However, the more difficult question addressed by the supreme court in Joseph was whether an employer's UM policy may actually exclude compensation reimbursement paid to the UM policyholder's injured employee. In Joseph an employee of Enclean, Inc., was injured in the course and scope of his employment. Travelers, as Enclean's workers' compensation insurer, sought reimbursement of compensation benefits paid on behalf of its insured, Enclean. National Union Fire Insurance Company provided UM coverage to Enclean. National Union asserted that its policy excluded reimbursement of workers' compensation payments based on the following language:

C. EXCLUSIONS
This insurance does not apply to:
. . .
The direct or indirect benefit of any insurer or self-insurer under any workers compensation, disability benefits or similar law.
The supreme court held this exclusion to be valid recognizing the freedom of parties to contract for any object considered lawful, possible, and determinable by virtue of La.Civ.Code art. 1971. The court found that no statutory provision or policy precluded a UM carrier from contracting to exclude liability for compensation reimbursement. The court stated:
Although a compensation insurer may seek reimbursement from a UM insurer, a UM insurer may expressly exclude a compensation insurer's reimbursement in its UM policy under the Civil Code's freedom to contract on all matters not forbidden by law or public policy.
Joseph, 656 So.2d at 1005.
Therefore, the supreme court made it clear that a UM insurer can expressly exclude a compensation insurer from seeking reimbursement for benefits it has paid to its injured employee from the UM insurer under its UM policy.
However, we are confronted with a more complex issue here. In our present case, there is only speculation as to why the policy exclusion of Travelers, the UM carrier for Martin Mills, was not given consideration in the tort litigation. According to the stipulation, Travelers paid Mr. Landry the judgment proceeds. Mr. Landry (represented by prior counsel) paid Martin Mills approximately $24,000.00 in compensation reimbursement. The question then becomes what effect, if any, does this have on the right of Martin Mills to seek a statutory credit for future workers' compensation payments it owes Mr. Landry in the future.
Martin Mills argues that the La.R.S. 23:1103(A)(1) statutory credit accorded an employer against future workers' compensation obligations, where a third person has been held legally responsible for the harm caused to the injured employee, is a right that exists independently of any consideration of UM insurance. Martin Mills also asserts that, since Travelers failed to exercise its exclusion clause, this, in essence, entitles Martin Mills to seek future credit against any workers' compensation benefits Martin Mills would otherwise owe to Mr. Landry. In other words, Traveler's failure or refusal to assert the exclusion clause in the tort suit renders it unenforceable now, and, as such, Martin Mills can exercise its rights under La.R.S. 23:1103 to gain credit for future workers' compensation obligations.
Mr. Landry, on the other hand, argues that since there was an exclusion in Travelers' policy with Martin Mills, regardless *62 of whether Travelers exercised its rights under the exclusion in the tort suit, Martin Mills is not entitled to a credit against its future workers' compensation obligations. We agree.
We first point out that the argument of Martin Mills, that Travelers failed or refused to assert its exclusion clause, is an invalid premise. It shares the same invalidity as the trial judge's statement in his reasons for judgment that "Travelers either considered that provision of the policy to have no effect under the circumstances of this case, or by default waived the application of the exclusion to this particular case." There is no direct or indirect evidence that either of these things happened. To the contrary, there is record evidence that neither of these things happened. Paragraph Five of the stipulations states that a tort suit was prosecuted by Martin Mills, Inc. and Clement Landry, Sr., and a judgment was paid by Travelers, as the UM carrier of Martin Mills, Inc., to Clement Landry, Sr., in the amount of $271,444.67 in April 1997. When Travelers paid the full amount of the judgment to Mr. Landry, the more reasonable inference that can be drawn is that Travelers recognized the exclusion clause. Travelers paid Mr. Landry; it did not pay its insured, Martin Mills. Further, the tort judgment ordered Mr. Landry, not Travelers, to reimburse Martin Mills. Accordingly, there is no merit at all to the conjecture that Travelers failed or refused to exercise its rights under the exclusion clause.
Be that as it may, the supreme court validated these exclusion clauses in Joseph. Further, the fourth circuit recently addressed this issue in Cleaning Specialists, Inc. v. Johnson, 96-2677, 97-0001 (La.App. 4 Cir. 5/21/97); 695 So.2d 562, writ denied, 97-1687 (La.10/3/97); 701 So.2d 210. The court in Cleaning Specialists held that the exclusionary clause prevents a workers' compensation insurer from recovering its workers' compensation obligations.
Although Martin Mills attempts to distinguish Cleaning Specialists on its facts, we find it to be directly on point. In Cleaning Specialists an employer and its compensation insurer filed a claim with the Office of Workers' Compensation seeking a credit against their compensation obligation for UM benefits received by the injured employee. The injured employee, Johnson, settled his UM claim with Zurich Insurance Company which insured his employer's vehicle. The workers' compensation hearing judge gave the employer's compensation insurer a credit reasoning that, once Zurich settled with Johnson, it placed itself in the position of a third party under La.R.S. 23:1101, and its exclusionary clause therefore became unenforceable. Id.
In reversing the hearing officer, the fourth circuit looked to Joseph, 656 So.2d at 1001, and applied its reasoning. The court first found that whether the compensation insurer intervened in the employee's suit against the UM carrier or brought a claim directly against the UM insurer made no difference as to the enforceability of the exclusionary clause. Further, although noting the argument that not allowing compensation reimbursement amounted to double recovery for the claimant, the court dismissed the problem. It opined:
[O]ur appreciation of Travelers is that the double recovery argument was rejected in favor of the "freedom to contract" principle and the strong public policy considerations which support UM legislation.
Cleaning Specialists, 695 So.2d at 565.
Finally, the court found that whether the claim was for reimbursement already paid or for credit against future compensation obligations made no difference. "The exclusionary clause prohibits any `direct or indirect benefit.' A credit against future obligations would certainly be an indirect benefit, if not a direct one." Id.
A recent decision by this circuit in Watson v. Funderburk, 98-618, 1998 WL 749328 (La.App. 3 Cir. 10/28/98); 720 So.2d 808, writ denied, 98-2961 *63 (La.1/29/99); 736 So.2d 834, citing and quoting from Cleaning Specialists, Inc., 695 So.2d 562, likewise held that an uninsured motorist's insurance policy may exclude a workers' compensation insurer's credit toward future compensation obligations.
We, too, agree with the reasoning of Cleaning Specialists in the instant case. The contractual provision in Travelers' UM policy with Martin Mills specifically excludes any direct or indirect benefit to the workers' compensation insurer. In its contract with its UM carrier, Martin Mills, as a self-insured employer, agreed that it could not recover workers' compensation benefits paid or payable to the employee for work-related injuries. Although the result benefits the employee by providing double recovery, this does not justify allowing the employer to enjoy a windfall in violation of its own contract.

PENALTIES & ATTORNEY'S FEES
Because of its ruling on the issue of entitlement to credit, the trial judge never reached the second issue in this case, which is whether the actions of Martin Mills, in terminating Mr. Landry's compensation benefits were arbitrary and capricious thereby warranting an award of attorney's fees and penalties in Mr. Landry's favor. The record is before us, and we will decide this issue.
In the recent case of Hodges v. Quail Tools, Inc., 97-1340, p. 6 (La.App. 3 Cir. 3/6/98); 709 So.2d 975, 979 (quoting Faul v. Bonin, 95-1236 pp. 8-9 (La.App. 3 Cir. 8/7/96); 678 So.2d 627, 632, writ denied 96-2221 (La.11/15/96); 682 So.2d 769), we stated:
A workers' compensation claimant is entitled to penalties and attorney's fees if benefits are withheld or terminated arbitrarily, capriciously, or without reasonable cause by the employer. La. R.S. 23:1201; 23:1201.2. The purpose of the penalty provision is to discourage an attitude of indifference toward the injured employee. Spinks v. Dept. of Health and Human Resources, 591 So.2d 423 (La.App. 3 Cir.1991) writ granted in part, 595 So.2d 648 (La.), on remand, 605 So.2d 1384 (La.App. 3 Cir. 1992). To avoid the imposition of penalties, an employer must reasonably controvert the claimant's right to compensation. La.R.S. 23:1201(E).
A claim is considered "reasonably controverted" if the employer has a reasonable basis for believing that medical expenses and indemnity benefits were not due the employee. Danzey v. Evergreen Presbyterian Ministries, 95-167 (La.App. 3 Cir. 6/7/95); 657 So.2d 491. Moreover, where a legal question is at issue, the employer must propose a defense having a sound basis in fact or in law in order to avoid penalties and attorney's fees under the "reasonably controverted" test. Allen v. Louisiana Wood Moulding Corp., 29,947 (La.App. 2 Cir. 1/23/98); 706 So.2d 636.
In light of these standards, we find Martin Mills' actions in the present case were arbitrary and capricious. Further, we find that Martin Mills failed to reasonably controvert Mr. Landry's claim.
Martin Mills contracted with its own UM insurer to specifically exclude UM payments to injured employees which would directly or indirectly benefit Martin Mills as the employer liable for workers' compensation benefits. Martin Mills, in essence, assumed the obligation of paying these workers' compensation benefits, without the possibility of reimbursement or future credit, regardless of the UM insurer's liability.
The law was clear at the time Martin Mills terminated its workers' compensation payments to Mr. Landry. The Louisiana supreme court validated these exclusion clauses in the Joseph decision on June 30, 1995. Therefore, when Martin Mills terminated Mr. Landry's benefits on May 9, 1997, and June 27, 1997, respectively, Martin Mills was aware that an identical exclusion clause was enforceable.
*64 Further, even though Travelers paid the UM proceeds to Mr. Landry and Mr. Landry provided reimbursement to Martin Mills, this does not lend credence to Martin Mills' argument that it was thus entitled to seek credit for its future workers' compensation obligations. Payment by the UM insurer to Mr. Landry did not render the exclusionary clause unenforceable as to Martin Mills.
We accordingly reverse the trial court's judgment granting Martin Mills a credit against its future compensation obligations owed to Clement Landry. The stipulation of facts in the record reflects Mr. Landry's disability, that weekly indemnity benefits were suspended after May 9, 1997, and that medical benefits were suspended after June 27, 1997. We therefore render judgment ordering weekly indemnity benefits of $204.70 from May 9, 1997, with interest, and thereafter during disability; we also order payment of medical benefits from June 27, 1997. We award penalties of $2,000.00 for indemnity benefits and $2,000.00 for medical benefits. We award attorney's fees of $1,500.00 for services on appeal, but remand to the trial court for a determination of attorney's fees at the trial level. Martin Mills, Inc., will pay all costs.
REVERSED AND RENDERED; REMANDED.