IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

-----

No. 99-30917
Summary Calendar

-----

RICHARD R. DODSON,

Plaintiff-Appellee,

versus

LOUISIANA WORKERS' COMPENSATION CORPORATION,

Intervenor-Appellant.

-----

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-3041-N)

-----

January 20, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Richard Dodson, Jr. was injured in an auto accident while in the scope and course of his employment with Ameritek Heat Treating Services, Inc. Ameritek had an insurance policy with Old Republic Insurance Co., which included uninsured/underinsured motorist coverage. The policy contained an exclusion that provided "[t]his insurance does not apply to . . . the direct or indirect benefit of any insurer or self-insurer under any workers' compensation disability benefits or similar law." Ameritek also had a policy of

-----

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

workers' compensation insurance with Louisiana Workers' Compensation Corporation. Louisiana Workers' Compensation Corp. has paid benefits as a result of Dodson's injury, and so has Old Republic.

Louisiana Workers' Compensation Corp. intervened in Dodson's suit against Old Republic, seeking, *inter alia*, dollar-for-dollar credits against future obligations for amounts paid by Old Republic as a result of Dodson's injury. Old Republic and Dodson filed motions for summary judgment seeking dismissal of Louisiana Workers' Compensation Corp.'s claims, and Old Republic also sought credits in the amount of Louisiana Workers' Compensation Corp.'s payments. Louisiana Workers' Compensation Corp. moved for summary judgment on its claims for subrogation, reimbursement and credits for future obligations. The district court granted Dodson's and Old Republic's motions, holding that Old Republic was entitled to a credit in the amount of Louisiana Workers' Compensation Corp.'s payments and dismissing Louisiana Workers' Compensation Corp.'s claims. Louisiana Workers' Compensation Corp. appeals one issue: the district court's determination that it was not due credits for future obligations.

Under Louisiana law, a workers' compensation insurer has a right of reimbursement against "legally liable third persons." *See* LSA-R.S. 23:1101. "Third persons" includes uninsured/underinsured motorist insurers. *See Travelers Ins. Co. v. Joseph*. 656 So.2d 1000, 1003 (La. 1995). However, in *Travelers*, the Louisiana Supreme Court held that an uninsured/underinsured motorist insurer

2

may exclude reimbursement of the workers' compensation carrier in its policy. *See* 656 So.2d at 1005 (La. 1995). The court found no statutory prohibition on a contractual exclusion of reimbursement the compensation carrier might otherwise recover. *See Travelers*, 656 So.2d at 1004.

The exclusion contained in Old Republic's policy is the same as that examined by the Louisiana Supreme Court in *Travelers*. Following *Travelers*, Louisiana appellate courts have held that the contractual language "direct or indirect benefit" covers credits or reimbursements against future obligations of a compensation carrier as well as reimbursement of compensation already paid. *See Landry v. Martin Mills, Inc.*, 737 So.2d 58, 62 (La. App. 3 Cir. 1999), *writ denied*, 1999 WL 408136 (La. June 4, 1999); *LeJeune v. Brewster*, 722 So.2d 74, 76 (La. App. 1 Cir. 1998); *Watson v. Funderburk*, 720 So.2d 808-810-11 (La. App. 3 Cir. 1998), *writ denied*, 736 So.2d 834 (La. 1999); *Cleaning Specialists, Inc. v. Johnson*, 695 So.2d 562, 565 (La. App. 4 Cir. 1997), *writ denied*, 701 So.2d 210 (La. 1997). These courts would deny Louisiana Workers' Compensation Corp. the credits it claims.

If a state's highest court has not decided an issue, we must determine as best we can what that court would decide. *See St. Paul Fire & Marine v. Convalescent Servs.*, 193 F.3d 340, 342 (5th Cir. 1999). Louisiana Workers' Compensation Corp. argues that *Watson* and *Cleaning Specialists* were wrongly decided because these decisions allow parties to an uninsured/underinsured motorist policy to extinguish a workers' compensation carrier's right to

3

credits against its future obligations.  Absent a decision from a state's highest court, a decision of an intermediate state appellate court "is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."  *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940).  We are persuaded Louisiana Workers' Compensation Corp. is not entitled to the credits it seeks.

AFFIRMED.