## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 06-1494


**MAMIE KRAMER**

**VERSUS**

**RAYMOND E. OLIVER, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-719-02
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## BILLY HOWARD EZELL
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Billy Howard Ezell, and James T. Genovese, Judges.


**AFFIRMED.**


**Keith Saverio Giardina**
**Attorney at Law**
**9100 Bluebonnet Centre, Suite 300**
**Baton Rouge, LA 70809**
**(225) 293-7272**
**Counsel for Defendant/Appellant:**
**Liberty Mutual Insurance Company**

**Joseph Frazer Gaar, Jr.**
**Attorney at Law**
**P. O. Box 2053**
**Lafayette, LA 70502**
**(337) 233-3185**
**Counsel for Plaintiff/Appellee:**
**Mamie Kramer**

**Thomas Randolph Juneau**
**The Juneau Firm**
**P.O. Drawer 51268**
**Lafayette, LA 70505-1268**
**(337) 269-0052**
**Counsel for Defendant/Appellee:**
**Star Insurance Company**

**EZELL, Judge.**

Liberty Mutual Insurance Company (Liberty Mutual ) appeals the trial court's judgment dismissing its claim for intervention. The trial court found that Liberty Mutual had settled and waived its workers' compensation lien right and that it had no intervention right under the provisions of the uninsured/underinsured policy. Liberty Mutual also appeals the failure of the trial court to grant a new trial based on newly discovered evidence.

## FACTS

On October 14, 2001, Mamie Kramer was involved in a serious automobile accident. At the time, she was employed as a truck driver for Gulf Mark Energy, Inc. (Gulf Energy). According to her original petition, Ms. Kramer was traveling southbound on Topsy Road in Jefferson Davis Parish. At the same time, Raymond Oliver was traveling northbound in a Ford F-150 truck. Mr. Oliver crossed the center line, entered the southbound lane, and struck Ms. Kramer's vehicle head-on. As a result of the accident, Ms. Kramer sustained serious personal injuries.

Ms. Kramer filed suit against Mr. Oliver and his insurer, State Farm Insurance Company (State Farm). A claim against Star Insurance Company (Star) , the uninsured/underinsured motorist (UM) carrier for Gulf Energy, was also filed. Meanwhile, Liberty Mutual, also the workers' compensation carrier for Gulf Energy, began paying workers' compensation benefits to Ms. Kramer. Liberty Mutual filed an intervention claim against all defendants and Ms. Kramer.

A settlement agreement was reached with Mr. Oliver and State Farm. Thereafter, Ms. Kramer's claim and Liberty Mutual's intervention against them were dismissed on April 21, 2004. Subsequently, Liberty Mutual stopped paying workers' compensation benefits to Ms. Kramer, so she filed a workers' compensation claim

1

against it. On May 25, 2004, Brenda Mistrot withdrew as counsel for Liberty Mutual in the tort proceedings, and Darrell Sims enrolled as counsel. Ms. Mistrot continued to represent Liberty Mutual in the workers' compensation proceedings.

On March 18, 2005, Star filed a motion for summary judgment, alleging that its policy did not provide coverage for the claims asserted in the tort suit. Meanwhile, the workers' compensation matter was settled between Ms. Kramer and Liberty Mutual for $80,000. In October 2005, a joint petition for the approval of the workers' compensation settlement was submitted to the Office of Workers' Compensation. On October 31, 2005, the order was approved and signed by the workers' compensation judge.

On June 20, 2005, Ms. Kramer filed an opposing motion for summary judgment, alleging that Star's policy did provide UM coverage for the accident. On June 30, 2005, the trial court signed a judgment denying the motion for summary judgment filed by Star and granting the motion for summary judgment filed by Ms. Kramer, holding that Louisiana law applied to the interpretation of the Star policy. Later, another judgment was signed on August 15, 2005, granting Ms. Kramer's motion for summary judgment finding that there had not been a proper rejection of UM coverage under Louisiana law. Therefore, Star's insurance policy had UM limits of one million dollars during the period of June 1, 2001, to June 1, 2002.

Star then appealed the issue to this court. In the interim, Star and Ms. Kramer mediated the issue and a settlement was reached. On February 27, 2006, the appeal was dismissed.

On February 21, 2006, Ms. Kramer filed a motion to dismiss the intervention claim of Liberty Mutual and/or alternatively a motion for summary judgment. She claimed that Liberty Mutual did not possess any intervention rights due to the

workers' compensation settlement and that a policy exclusion in the Star policy specifically excluded Liberty Mutual's intervention rights.

The trial court found that Liberty Mutual entered into a knowing and intelligent waiver of its intervention rights by settlement. The trial court also found that Liberty Mutual had no intervention rights by operation of law or by application of the policy exclusions found in Star's UM policy. Judgment was signed on March 31, 2006. Thereafter, Liberty Mutual filed a motion for new trial claiming that it had newly discovered evidence which indicated that the settlement with Star contemplated Liberty Mutual's lien claim. Ms. Kramer opposed the motion on the basis that the evidence was not newly discovered as Liberty Mutual had the evidence prior to the hearing. The trial court denied the motion for new trial, and Liberty Mutual appealed.

**POLICY EXCLUSION**

The evidence in the record indicates that the Star policy issued to Gulf Energy contained UM insurance coverage as part of the policy. However, attached to the policy was a general change endorsement which deleted the coverage. As discussed earlier, the trial court found that the endorsement was ineffective because a valid rejection, as required by Louisiana law, had not been executed. This ruling is now final.

The insurance policy between Star and Gulf Energy contained UM provisions. The endorsement to the policy which stated that these provisions were not applicable is no longer effective because there was not a valid rejection of UM coverage under Louisiana law. Since the endorsement is ineffective, the provisions are now applicable in this case.

3

The UM coverage provided by Star's policy contained an exclusion which provides: "**B. Exclusions** . . . . 2.This coverage shall not apply directly or indirectly to benefit: **a.** any insurer [or] self-insurer under any workers' compensation, disability benefits or similar law;".

In *Travelers Ins. Co. v. Joseph*, 95-200 (La. 6/30/95), 656 So.2d 1000, the supreme court analyzed almost identical language. The supreme court held that "[a]lthough a compensation insurer may seek reimbursement from a UM insurer, a UM insurer may expressly exclude a compensation insurer's reimbursement in its UM policy under the Civil Code's freedom to contract on all matters not forbidden by law or public policy." *Id.* at 1005. It found that the UM policy contained a valid exclusion. *See also Landry v. Martin Mills, Inc.*, 98-1395 (La.App. 3 Cir. 3/3/99), 737 So.2d 58, *writ denied*, 99-957 (La. 6/4/99), 744 So.2d 625.

Based on the jurisprudence, we find that Liberty Mutual is not entitled to reimbursement from the proceeds of Star's UM policy. Therefore, the trial court was correct in granting summary judgment in favor of Ms. Kramer as the Star Policy specifically excludes any direct or indirect benefit to the workers' compensation insurer. Since this finding resolves the issue between the parties, there is no need to discuss the other assignments of error raised by Liberty Mutual.

For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Liberty Mutual Insurance Company.

**AFFIRMED.**