BROWN, Chief Judge,
dissents.
liLa. R.S. 23:1101 states in part:
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in district court against such third person (tortfeasor) to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents ...
In Travelers Ins. Co. v. Joseph, 95-0200 (La.06/30/95), 656 So.2d 1000, 1005, the supreme court concluded:
The 1989 amendment to LSA-R.S. 23:1101 expands the definition of “third persons” from whom compensation insurers can recover reimbursement. A compensation insurer’s right to seek reimbursement of compensation benefits from third persons legally liable to pay damages includes UM insurers (as well as those tortfeasors whose negligent conduct aggravates a work injury for which a compensation insurer is obligated to pay benefits). Although a compensation insurer may seek reimbursement from a UM insurer, a UM insurer may expressly exclude a compensation insurer’s reimbursement in its UM policy under the Civil Code’s freedom to contract on all matters not forbidden by law or public policy. (Emphasis added).
The question in the case sub judice is whether the liability/UM policy issued by Cherokee Ins. Co. to the employer, C. Bean Transport, Inc expressly excludes “reimbursement” to the workers’ compensation insurer or self-insured employer.
The exclusion reads:
This insurance does NOT apply to any of the following:
[[Image here]]
3. Workers’ Compensation:
*18 Any obligation for which the “insured” C. Bean Transport may be held liable under any workers’ compensation, disability benefits or unemployment compensation or any similar law. (Emphasis added).
li>The exclusion specifically applies to the “insured” — the insured is C. Bean Transport (intervenor) — and it excludes any obligation that C. Bean Transport “may be held liable under any worker’s compensation ...” (Emphasis added).
In Travelers Ins. Co., supra, the exclusion provided for the direct or indirect “benefit” of any employer; in this case, the exclusion is only for any “obligation” for which the employer may be held liable under “any workers’ compensation law.”
In this case, the employer paid its obligation to its employee. That is not at issue. The obligation in the instant case is whether the UM carrier must reimburse the workers’ compensation insurer or the self-insured employer. Under the majority opinion, the employee who was injured through the negligence of a third party does not get double recovery; the self insured employer pays wage and medical benefits; and, the bad guy (tortfeasor) gets credit for what has been paid by the employer.
Public policy, as enacted by the legislature, is to provide UM coverage unless rejected and reimbursement to the innocent employer unless excluded. The rejection of UM coverage requires that certain formalities be followed; similar exact formalities must be followed to reject or exclude the reimbursement as provided for in La. R.S. 23:1101. The exclusion in this case was written by Cherokee Ins. Co. and they must suffer the loss for any ambiguity.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, DREW & PITMAN, JJ.
|!Rehearing denied.
BROWN and DREW, JJ., would grant rehearing.