J2FITZSIMMONS, Judge.
The petitioner filed a petition for declaratory judgment against the defendant/appellant on March 1, 1995 in the 22nd Judicial District Court. Thereafter, on June 9, 1995, the defendant filed a Notice of Application to Remove to United States Bankruptcy Court.[1] The U.S. Bankruptcy Court issued an Order of Voluntary Abstention on July 17, 1995. The matter was remanded to the 22nd Judicial District Court, where the record was officially logged in on July 20,1995. There is no recordation of defendant’s receipt of notice of the Bankruptcy Court’s abstention.
In the factual scenario, the petitioner thereupon entered a preliminary default judgment against the defendant on August 8, 1995. The record reveals that an Answer to Petition for Declaratory Judgment and Re-conventional Demand against Susan Taylor Martin was filed by the defendant at 9:34 a.m. on August 11, 1995. On that same day, however, the petitioner confirmed the preliminary default judgment in open court.
A defendant may file his answer at any time prior to confirmation of a default judgment against him. La.Code Civ. P. art. 1002. A default judgment formally granted after an answer is filed constitutes an absolute nullity. La.Code Civ. P. art. 2002. Filing an answer after a default judgment has been orally confirmed, but prior to its signing, operates to nullify the judgment. State v. One 1990 GMC Sierra Classic Truck, VIN No. 1GTCS142XL25052929, 94-0639, p. 2 (La.App. 4th Cir. 11/30/94); 646 So.2d 492, 494; writ denied, 94-3171 (La.2/17/95); 650 So.2d 254.
Any procedural action that would result in the deprivation of another party’s right to defend himself in court should be strictly construed. There is no evidence in the ree-ord of the actual time of day that the judgment of confirmation of the default was signed by the district court judge. Oral testimony, taken in open court, was probably conducted at some time during the morning[2], prior to the judge’s signing of the judgment by default. Given the following facts, id est, that the court proceedings in the 22nd judicial district court regularly commence at 9:30 _j3a.n1.[3], that items which can be expeditiously resolved are dispensed with immediately (while those cases requiring testimony are heard thereafter), and that the oral confirmation of the default proceeding at issue comprises 13 pages of transcribed oral testimony, it is highly improbable that the judgment confirming the default was signed by the judge prior to the filing of the answer to the petition by the defendant at 9:34 a.m. Moreover, there was little way for the trial judge to know that the answer to the petition had been filed at 9:34 a.m. Had the trial court known, the default would not have gone forward.
Accordingly, this court finds that the evidence demonstrates that the answer was filed before the confirmation of the default judgment was signed by the judge. The default judgment is annulled as a matter of law. The case is remanded to the 22nd Judicial District Court for proceedings consistent with this decree. Costs of this proceeding are to be paid by the petitioner.
ANNULLED AND REMANDED.
WHIPPLE, J., concurs with reasons.
PITCHER, J., concurs for reasons assigned by WHIPPLE, J.

. This appearance demonstrated actual notice.

. Plaintiff's attorney initiated the oral presentation with the salutation, "Good morning, Your Honor.”

.Rule II, Section 1 of the Rules of the Twenty-second Judicial District Court provides: "All court sessions will begin at 9:30 A.M."