WILLIAMS, J.
h The plaintiff, Patrick Williams, appeals a grant of summary judgment in favor of the defendant, Peerless Insurance Company, the uninsured/underinsured motorist coverage carrier. The district court found that plaintiffs exclusive remedy for his injuries was under the Louisiana Workers’ Compensation Act and ordered plaintiff to return the amount of $31,804 previously tendered by defendant. Plaintiff further appeals the denial of his cross-motion for summary judgment with regard to the uninsured motorist policy limits. For the following reasons, we reverse, render and remand for further proceedings.
FACTS
On February 18, 2010, Patrick Williams was a passenger in a vehicle owned by his employer, M-N Utilities, Inc., and driven by a coworker. While returning to the employer’s shop from a job, the vehicle in which Williams was a passenger collided ■with a vehicle operated by James Wilkerson. As a result of the accident, Williams suffered injuries, including cervical disc herniations at C4-5 and C5-6. Wilkerson’s automobile liability insurer stipulated that Wilkerson was at fault in causing the accident and paid Williams its insurance policy limits of $15,000. Peerless Insurance Company (“Peerless”) had issued a policy of uninsured/underinsured motorist (“UM”) coverage for the vehicle in which Williams was a passenger. The Peerless UM policy provides insurance coverage for anyone occupying a covered vehicle with permission of the named insured, M-N Utilities, Inc.
Subsequently, the plaintiff, Patrick Williams, filed a petition for ^damages against the defendant, Peerless, seeking payments under the UM policy for medical costs and damages that exceeded the limits of the primary liability insurance coverage. After the lawsuit was filed, the defendant tendered $31,804 in unconditional good faith payments to the plaintiff. Defendant then filed a motion for summary judgment seeking dismissal of plaintiffs claims on the ground that workers’ compensation was his exclusive remedy for the injuries he sustained in an accident arising out of and in the course of his employment. In the alternative, defendant alleged that *208 plaintiff could not recover under the UM policy because it excluded coverage that would directly or indirectly benefit any insurer under the workers’ compensation law. Defendant also sought reimbursement for the amount previously paid to plaintiff as an unconditional tender under the UM policy. The plaintiff filed a cross-motion for summary judgment alleging that he was entitled to the liability policy limits of $1 million, based on the lack of a valid UM coverage selection form.
In a written ruling, the district court found that the plaintiff was precluded from recovery under the UM policy because workers’ compensation was the exclusive remedy for plaintiffs work injuries and the UM policy excluded coverage for such injuries. The court rendered summary judgment in favor of the defendant, denied plaintiffs cross-motion for summary judgment and ordered plaintiff to pay $31,804 to reimburse Peerless for the amounts tendered. Plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the district court erred in granting summary | judgment in favor of the defendant on the grounds that workers’ compensation is plaintiffs sole remedy for any injuries sustained in the accident. Plaintiff argues that he is not limited to workers’ compensation benefits because defendant is legally hable to pay damages to plaintiff for injuries caused by an underinsured motorist.
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880; Duncan v. USAA Ins. Co., 2006-363 (La.11/29/06), 950 So.2d 544; See also LSA-C.C.P. art. 966. Appellate courts review summary judgments de novo, while considering the record and all reasonable inferences drawn from the record in the light most favorable to the non-movant. Hines v. Garrett, 2004-0806 (La.6/25/04), 876 So.2d 764; Austin v. Bundrick, 41,064 (La.App.2d Cir.6/30/06), 935 So.2d 836. Summary judgment is warranted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(C)(1).
The right of an employee to compensation benefits for injuries arising out of and in the course of employment shall be exclusive of all other rights, remedies and claims for damages as against his employer, or any principal, officer, director, stockholder, partner or employee of such employer. LSA-R.S. 23:1032. When an injury for which compensation is payable creates a legal liability to pay damages in some person, other than those against whom the employee’s rights are limited in Section 1032, the claim or payment of compensation shall not affect the worker’s right of action |4against such third person. LSA-R.S. 23:1101. An employer’s UM insurer is a third person legally liable to pay damages to an employee injured in a work-related automobile accident because the UM insurer is obligated both by law and the issuance of its policy to repair damage caused by an uninsured or underinsured motorist. Johnson v. Fireman’s Fund Ins. Co., 425 So.2d 224 (La.1982).
In the present case, it is undisputed that defendant issued a policy of UM coverage for the vehicle in which plaintiff was a passenger at the time of the accident. In support of its argument that plaintiff cannot seek damages from the employer or any insurer of the employer because his exclusive remedy is in workers’ compensation, defendant relies on Hill v. West American Ins. Co., 93-915 (La.App.3rd Cir.3/2/94), 635 So.2d 1165. However, the Hill case involved an employer’s liability *209 insurer and did not address the issue of UM insurance coverage. Thus, the cited authority does not support the defendant’s position that plaintiff may not recover under the UM policy.
As stated above in Johnson, supra, the supreme court established that an employer’s UM insurer, such as the defendant, is a third person legally liable to pay the plaintiff damages for his injuries resulting from a work-related automobile accident caused by an underinsured driver. In such a situation, Sec. 1101 expressly provides that the claim or payment of workers’ compensation benefits shall not affect the plaintiffs right of action against such third person to recover damages for the injury. Consequently, the district court erred in granting summary judgment in favor of the | defendant on the basis that workers’ compensation was the plaintiffs exclusive remedy for his injuries.

Policy Exclusion

The plaintiff contends the district court erred in finding that the UM policy exclusion provision precluded coverage for his injuries. Plaintiff argues that the policy exclusion applies to reimbursement claims of compensation carriers and not to claims by injured employees. We agree.
As stated above, an employer’s UM insurer is a third person legally liable to pay damages to an employee injured in a work-related automobile accident. Johnson, supra. Any person having paid or having become obligated to pay workers’ compensation may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to an injured employee. LSA-R.S. 23:1101(B). Thus, the workers’ compensation insurer of the employer may file suit against the employer’s UM insurer for reimbursement of benefits paid to the injured employee. Travelers Ins. Co. v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000; Kennedy v. Durden, 47,904 (La.App.2d Cir.4/10/13), 116 So.3d 12.
Parties are free to contract for any object that is lawful, possible and determined or determinable. LSA-C.C. art. 1971. Persons may not by their juridical acts derogate from laws enacted for the protection of the public interest. LSA-C.C. art. 7. Thus, the Civil Code establishes the freedom to contract on all matters not forbidden by law. Travelers, supra. Although the law allows compensation insurers to obtain reimbursement of compensation benefits from third persons, no statute or policy consideration prohibits a RUM carrier from contracting to exclude liability for such compensation reimbursement. Travelers, supra; Kennedy, supra.
In the present case, the defendant’s UM policy includes an exclusion providing that coverage does not apply to the “direct or indirect benefit of any insurer or self-insurer under any workers’ compensation, disability benefits, or similar law.” As defendant points out, a UM policy exclusion with the same language was found to be valid in Travelers, supra. However, in the Travelers case, the issue was whether an employer’s UM policy exclusion may prevent a workers’ compensation insurer from recovering reimbursement of compensation benefits paid to an employee injured by an underinsured motorist. In Travelers, supra, the court determined that the exclusion barred a compensation carrier’s reimbursement claim against the UM insurer; the case did not involve a claim by an injured worker for damages under the UM policy.
We note that the exclusion language in the defendant’s policy expressly refers to “any insurer or self-insurer” and does not mention employees. Thus, the cited authority does not support the defendant’s *210 assertion that this exclusion bars the plaintiffs claims under the UM policy. Nor has defendant shown that plaintiffs recovery of damages under the UM policy would benefit the compensation insurer, which would not be relieved of the obligation to pay workers’ compensation benefits to the plaintiff. Further, the UM policy language removes any benefit the compensation insurer would derive from plaintiffs recovery of damages by excluding reimbursement of compensation benefits paid. After considering the ^applicable law and the policy language, we conclude that the district court erred in finding that the defendant’s UM policy excludes coverage for plaintiffs injuries.

Unconditionally Tendered Payments

The plaintiff contends the district court erred in ordering him to reimburse the defendant for the good faith payments previously tendered. Plaintiff argues that reimbursement is not required because he is entitled to the amounts paid as an insured under the UM policy.
When an insured is injured in an accident caused by an underinsured motorist and the insured shows that the UM insurer will be liable for some general damages, then the insurance contract obligates the insurer to unconditionally tender a reasonable amount to its insured, not to settle the case, but to show good faith. LSA-R.S. 22:1892 (formerly 22:658); McDill v. Utica Mutual Ins. Co., 475 So.2d 1085 (La.1985). The amount due is a figure over which reasonable minds could not differ. McDill, supra.
In the present case, the plaintiff showed that he was injured in an auto accident caused by an underinsured tortfeasor and that the defendant was liable for general damages as the UM insurer. Thus, the defendant’s unconditional tender of $31,804 was consistent with the statute and the district court erred in ordering reimbursement of the amount unconditionally tendered to plaintiff in good faith.
Based upon the evidence presented, the plaintiff demonstrated that the defendant had issued a UM policy for the vehicle in which plaintiff was a passenger when he was injured in a work-related accident and that the |sdefendant was a third person liable to pay damages to plaintiff for injuries caused by an underinsured driver. Consequently, plaintiff is an insured under the defendant’s UM policy and we reverse the trial court’s grant of summary judgment in favor of the defendant, dismissing plaintiffs claims. Further, we vacate the trial court’s order that plaintiff reimburse the unconditional tender of payments made by defendant.

UM Coverage Limits

The plaintiff contends the district court erred in denying his motion for summary judgment regarding the amount of UM coverage available under the policy. Plaintiff argues he is entitled to UM coverage equal to the liability limits of $1 million because the defendant did not file an opposition to the motion proving that there was a valid selection of lower UM limits by its insured.
This court may review the denial of a motion for summary judgment filed by an appellant in conjunction with an appeal of the granting of summary judgment against the appellant when the issues involved are identical. Hood v. Cotter, 2008-0215, 0237 (La.12/2/08), 5 So.3d 819. In Hood, the supreme court allowed such review where the issues involved in the granting of summary judgment were “directly related” to the issues raised by the appellant’s motion for summary judgment. Here, since both motions for summary judgment involve UM coverage, we may properly review the denial of plaintiffs motion for summary judgment on appeal.
*211 The burden of proof on summary judgment remains with the movant. However, if the movant will not bear the burden of proof at trial on the | ^matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, then there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).
Summary judgment evidence includes the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. LSA-C.C.P. art. 966(B). Un-sworn or unverified documents are not self-proving and will not be considered on summary judgment. Harris v. Dunn, 45,619 (La.App.2d Cir.9/22/10), 48 So.3d 367. A document that is not certified and not attached to an affidavit is not of sufficient evidentiary quality to be given weight in determining whether there remains a genuine issue of material fact. Harris, supra.
UM coverage equal to the liability policy limits is presumed under Louisiana law in the absence of a valid rejection of UM coverage or selection of lower limits. LSA-R.S. 22:1295; Gray v. American Nat’l Property & Casualty Co., 2007-1670 (La.2/26/08), 977 So.2d 839. The insurer bears the burden of proving that a named insured rejected in writing the UM coverage equal to bodily injury limits or selected lower limits. Gray, supra.
|1(lIn the present case, the plaintiff filed a cross-motion for summary judgment asking the court to find that the UM coverage limits are equal to the liability limits of $1 million, based on the lack of an executed UM coverage form. In support of his motion, plaintiff submitted a certified copy of the insurance policy containing a blank UM bodily injury coverage selection form. Thus, plaintiff demonstrated to the court that the UM selection form in the policy did not meet the requirements for a valid selection of lower UM limits. Once the plaintiff pointed out this lack of proof, defendant had the burden to present factual support to establish the ability to satisfy its evidentiary burden at trial. In response, defendant filed only a memorandum in opposition to plaintiffs motion, without attaching any affidavits, depositions or other certified documentation necessary to satisfy its burden to show a valid selection of lower UM policy limits. In its opposition, defendant apparently relied solely on its argument that plaintiffs exclusive remedy was under the provisions of the workers’ compensation law.
We note that in October 2012, the defendant mailed or faxed to the court a copy of a UM coverage form purportedly signed by a representative of the named insured on June 17, 2009, showing selection of UM coverage of $100,000 per accident. However, this document is not certified or attached to an affidavit and is not stamped as filed with the district court. In addition, this copy of the UM coverage form selecting lower limits than the liability limits contradicts the certified copy of the insurance policy which the defendant submitted with its own summary judgment motion and the Indefendant has not explained why the form was not filed with proper authentication in opposition to plaintiffs motion for summary judgment.
Based upon this record, we find that the UM coverage form offered by defendant after the court had taken the case under advisement does not satisfy the requirements for consideration as competent summary judgment evidence. Thus, the *212 defendant failed to carry its burden of producing competent proof of a valid UM selection form by which the employer selected coverage limits lower than the liability limits of the policy. Consequently, we shall reverse the denial of plaintiffs motion for summary judgment and render judgment declaring that the UM coverage under the policy is equal to the liability coverage limits of $1 million.
CONCLUSION
For the foregoing reasons, the district court’s summary judgment in favor of Peerless Insurance Company is hereby reversed. We reverse the denial of plaintiffs summary judgment motion and render judgment in favor of the plaintiff, finding that the UM coverage under the policy is equal to the liability coverage limits of $1 million. We further vacate the trial court’s order that plaintiff reimburse the defendant for the payments unconditionally tendered. This matter is remanded for further proceedings. Costs in the district court and on appeal are assessed to the appellee, Peerless Insurance Company.
REVERSED; RENDERED AND REMANDED.