Judgment rendered January 29, 2020
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,220-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CHYRISSE STATEN,                          Plaintiffs-Appellants
INDIVIDUALLY, AND O/B/O
DECEASED MOTHER,
MARGARET STATEN

versus

GLENWOOD REGIONAL                         Defendants-Appellees
MEDICAL CENTER, DR. ROBIN
SHARP, DR. ARTHUR RICHERT,
DR. CHRISTOPHER ERIKSON,
AND ALL OTHER UNKNOWN
DEFENDANTS

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2017-2384

Honorable Alvin R. Sharp, Judge

* * * * *

S. DOUGLAS BUSARI & ASSOCIATES, LLC  Counsel for Appellants
By: Sule Douglas Busari

BREAZEALE, SACHSE & WILSON, LLP       Counsel for Appellee,
By: Laura S. Achord                    IASIS Glenwood Regional
    Harry M. Moffett, IV               Medical Center, Inc.

NELSON, ZENTNER, SARTOR               Counsel for Appellee,
& SNELLINGS, LLC                       Dr. Robin Sharp
By: David H. Nelson

HUDSON, POTTS & BERNSTEIN, LLP            Counsel for Appellee,
By: Margaret H. Pruitt                               Dr. Arthur Richert

* * * * *

Before WILLIAMS, COX, and McCALLUM, JJ.

WILLIAMS, C.J., dissents with written reasons.

**COX, J.**

This medical malpractice appeal arises out of Ouachita Parish, Louisiana. The plaintiff, Chyrisse Staten (hereinafter referred to as "Chyrisse"), appeals the district court's granting of summary judgment in favor of the defendants, Glenwood Regional Medical Center ("Glenwood"), Dr. Robin Sharp, and Dr. Arthur Richert, and the denial of her motion for new trial. For the following reasons, we affirm.

## FACTS

On April 19, 2015, Margaret Staten (Chyrisse Staten's mother), who was 73 years old, arrived at the emergency room at Glenwood with complaints of abdominal pain. Her medical history included ovarian cancer. She received a CT scan of her abdomen and pelvis and was subsequently admitted to Glenwood. While admitted at Glenwood, Ms. Staten was examined by Dr. Sharp. Ms. Staten recited her medical history to Dr. Sharp, he examined her, and he reviewed her tests results. Her CT scan was also reviewed by Dr. Christopher Erikson, a radiologist. Her CT scan revealed the possibility of acute pancreatitis and an abnormal mesenteric studding. Dr. Sharp ordered medications to treat the possibility of pancreatitis and ordered further testing and workup for other possible causes of Ms. Staten's abdominal pain. Dr. Sharp consulted Dr. Richert, a gastroenterologist, who examined Ms. Staten on April 20, 2015.

Dr. Richert performed an EGD with biopsy. Dr. Richert did not find anything to explain Ms. Staten's abdominal pain or abnormal imaging found on the CT scan. Dr. Sharp ordered an MRI/MRCP of Ms. Staten's abdomen. The radiologist noted the possible pancreatitis and a patchy infiltration of the

mesentery, which would be considered suspicious for metastic disease, but the radiologist also noted that these findings are poorly evaluated on MRCP imaging. Ms. Staten had a cancer antigen 19-9 drawn which returned with a slightly elevated reading of 66. The medical review panel ("MRP") noted that even though this CA 19-9 was slightly elevated, it was too low to be of any diagnostic significance.

Ms. Staten's abdominal pain improved during her hospitalization, and Dr. Sharp discharged her on April 24, 2015. Dr. Sharp's discharge summary stated that Ms. Staten was aware that she might have an occult malignancy, even though testing at Glenwood was unable to detect any malignancy. Ms. Staten was scheduled to have a follow-up appointment with Dr. Richert in two weeks to evaluate whether she had an occult malignancy. After discharge, Dr. Sharp had no further contact with Ms. Staten.

Ms. Staten was seen by Dr. Richert at his office on May 6, 2015, with complaints of persistent abdominal pain. Dr. Richert scheduled Ms. Staten for a CT angiogram of her abdomen and follow up lab work including another CA 19-9. The CT results were interpreted by Dr. Erikson. Dr. Erikson noted there was abnormal free fluid in the studding of the mesentery which could possibly be related to a neoplastic process.[1] Dr. Richert noted a stable appearance of stranding and nodularity within the mesentery which could represent a neoplastic process. The follow-up CA 19-9 reading was a 180.1.[2] Dr. Richert reviewed the reports and lab results and scheduled Ms. Staten to repeat the CA 19-9 test in one month.

---

[1] The MRP noted in its opinion that there was not enough fluid to obtain a sample.

[2] The MRP noted in its opinion that this increased CA 19-9 reading was more elevated than the previous reading of 66, but it was still not a reading which is diagnostic.

On June 8, 2015, before Ms. Staten's scheduled follow-up CA 19-9, she was admitted at St. Francis Hospital, and was diagnosed with peritoneal carcinomatosis. Ms. Staten passed away on July 17, 2015.

Ms. Staten's daughter, Chyrisse, requested the formation of a Medical Review Panel (MRP) in April 2016 to review the actions of Dr. Sharp, Dr. Richert, Dr. Erikson, and Glenwood. The MRP's opinion, dated May 4, 2017, states that there was no breach of the applicable standard of care in the treatment of Ms. Staten. Chyrisse, individually and on behalf of her mother, filed a petition for damages in district court on July 24, 2017.

Each of the defendants filed a separate motion for summary judgment. Glenwood filed its motion for summary judgment on September 19, 2017. It attached the following documents:

- A certified copy of Ms. Staten's medical records from Glenwood and St. Francis;

- Chyrisse's complaint and request for an MRP;

- The MRP's opinion along with the panel members' oaths; and,

- Chyrisse's petition for damages.

Dr. Erikson filed his motion for judgment on October 2, 2017, and attached the following documents:

- Chyrisse's complaint and request for an MRP;

- His interrogatories and Chyrisse's answers to those interrogatories and responses to request for production of documents; and,

- The MRP's opinion along with the panel members' oaths.

Dr. Sharp filed his motion for summary judgment on October 5, 2017, and attached the following documents:

- His interrogatories and Chyrisse's answers to those interrogatories and request for production of documents; and,

3

- The MRP's opinion along with the panel members' oaths.

Dr. Richert filed his motion for summary judgment on October 17, 2017, and attached the following documents:

- The MRP's opinion along with the panel members' oaths and a letter from the MRP's attorney member stating the original opinion was attached;

- Chyrisse's petition for damages; and,

- His interrogatories.

Chyrisse dismissed her malpractice allegations against Dr. Erikson on February 14, 2018. She filed an opposition to the remaining defendants' motions for summary judgment on February 26, 2018. She stated that she retained an expert, Dr. Andrew Schneider, who would testify as to the standard of care, breach of that standard, and causation. Chyrisse attached the "Affidavit RE: Margaret Staten Medical Opinion" of Dr. Andrew Schneider.

The defendants filed replies to Chyrisse's opposition and argued that the affidavit was defective, and therefore inadmissible. They argued that the affidavit fails to identify the information relied upon by Dr Schneider in forming his opinions, fails to show how he is competent to render those opinions, and is a conclusory statement. Chyrisse then filed a letter from her attorney stating, "Please find enclosed, a copy of the curriculum vitae for Andrew M. Schneider, M.D., plaintiff's expert witness. Please file same into the records of this proceedings." Dr. Schneider's two-page CV was attached to the letter and filed in the record.

On April 16, 2018, the district court signed a judgment granting the motion for summary judgment in favor of the defendants. On April 30,

2018, Chyrisse filed a motion for new trial. On May 3, 2018, Chyrisse filed a first supplemental and amending motion for new trial. She attached another affidavit of Dr. Schneider entitled, "Affidavit RE: Margaret Staten Addedum [sic] to Medical Opinion." In this affidavit, Dr Schneider attested to his medical background and stated, "As previously outlined, Glenwood Regional Medical Center, Dr. Rubin Sharp, and Dr. Arthur Richet [sic] breached the standard of care."

The defendants opposed the motion for new trial and first amending motion for new trial, arguing there is no legal basis for granting a new trial under La. C.C.P. art. 1972 or 1973. They argued that Chyrisse failed to establish any mandatory or discretionary grounds for granting a new trial. They argued that a motion for new trial is not a proper procedural mechanism to submit new evidence in opposition to a motion for summary judgment. They pointed out that Dr. Schneider's addendum was not new evidence that was unavailable prior to the hearing on the motion for summary judgment.

A hearing on the motion for new trial was held on September 5, 2018. The district court found in favor of the defendants, denying Chyrisse's motions for new trial. The district court stated, "[A]fter considering the arguments of counsel, as well as the state of the record as it exists today, the court is going to find that the original affidavit of Dr. Schneider was deficient at the original hearing and upon the showing today, the court finds that the affidavit is still deficient as of this hearing." Chyrisse now appeals.

## DISCUSSION

*Motion for summary judgment*

Chyrisse appeals the district court's granting of the defendants' motions for summary judgment. She argues that the defendants only attached a copy of the MRP opinion without any certification or affidavits. She asserts that she presented the sworn affidavit of Dr. Schneider, who outlined the applicable standard of care, the breach of that standard, and that the substandard of care lessened Ms. Staten's chances of survival. She argues that Dr. Schneider's affidavit creates a genuine issue of material fact.

The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. La. C.C.P. art. 966(D)(2). In the case before us, Chyrisse failed to object to the MRP opinion during the motion for summary judgment proceedings. She cannot, at this juncture, object to the attachment of the MRP opinion.

A de novo standard of review is required when an appellate court considers rulings on motions for summary judgment, and the appellate court uses the same criteria that governed the district court's determination of whether summary judgment was appropriate. *Creek Mgmt., L.L.C. v. Unopened Succession & Unknown Heirs or Legatees of Williams*, 51,392 (La. App. 2 Cir. 5/17/17), 223 So. 3d 1194, *writ denied*, 2017-1252 (La. 10/27/17), 228 So. 3d 1222. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that

6

there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof on a summary judgment motion remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(D)(1); *J & L Oil Co. v. KM Oil Co., LLC*, 51,898 (La. App. 2 Cir. 2/28/18), 247 So. 3d 147.

In a medical malpractice action, the plaintiff has the burden of proving: (1) the applicable standard of care, (2) that the standard of care was breached, and (3) that as a proximate result of the breach, the plaintiff sustained injuries that would not otherwise have been incurred. La. R.S. 9:2794(A); *Johnson v. Tucker*, 51,723 (La. App. 2 Cir. 11/15/17), 243 So. 3d 1237, *writs denied*, 2017-2075 (La. 2/9/18), 236 So. 3d 1262, and 2017-2073 (La. 2/9/18), 236 So. 3d 1266. Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. *Johnson v. Bhandari*, 52,545 (La. App. 2 Cir. 2/27/19), 266 So. 3d 961, *writ denied*, 2019-0658 (La. 6/17/19), 274 So. 3d 572. The requirement of producing expert medical testimony is especially apt when the defendants have filed

summary judgment motions and supported such motions with expert opinion evidence that their treatment met the applicable standard of care. *Jordan v. Cmty. Care Hosp*., 2019-0039 (La. App. 4 Cir. 7/24/19), 276 So. 3d 564; *Henderson v. Homer Memorial Hosp*., 40,585, (La. App. 2 Cir. 1/27/06), 920 So. 2d 988; *Lee v. Wall*, 31,468, (La. App. 2 Cir. 1/20/99), 726 So. 2d 1044.

The Louisiana Supreme Court has observed that "by law, the report of the expert opinion reached by the medical review panel is admissible as evidence in any action subsequently brought by the claimant in a court of law" and that "[t]his undoubtedly includes a summary judgment proceeding in a medical malpractice lawsuit." *Samaha v. Rau*, 2007-1726 (La. 2/26/08, 14), 977 So. 2d 880; *see* La. R.S. 40:1231.8(H). It is well settled that a defendant-health care provider can use the medical review panel's favorable opinion to support a summary judgment motion. *Jordan v. Cmty. Care Hosp., supra.*; *Snelling v. LSU Health Sciences Ctr.-Monroe*, 43,332, (La. App. 2 Cir. 6/4/08), 986 So. 2d 216, (citing *Samaha v. Rau, supra*).

The only documents that may be filed in support of or in opposition to a motion for summary judgment are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). La. C.C.P. art. 967(A) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify

8

to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

La. C.C.P. arts. 966 and 967 do not permit a party to utilize unsworn and unverified documents as summary judgment evidence. Thus, a document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether there are remaining genuine issues of material fact. *Nettle v. Nettle*, 2015-1875 (La. App. 1 Cir. 9/16/16), 212 So. 3d 1180, *writ denied*, 2016-1846 (La. 12/16/16), 212 So. 3d 1170; *Williams v. Peerless Ins. Co.*, 48,228 (La. App. 2 Cir. 8/7/13), 123 So. 3d 204, *writ denied*, 2013-2158 (La. 12/6/13), 129 So. 3d 534.

As outlined above, the defendants all filed their own motions for summary judgment. The documents attached included:

- A certified copy of Ms. Staten's medical records from Glenwood and St. Francis;

- Chyrisse's complaint and request for an MRP;

- Chyrisse's petition for damages;

- The MRP's opinion along with the panel members' oaths and a letter from the MRP's attorney member stating the original opinion was attached; and,

- Interrogatories and Chyrisse's answers to those interrogatories and request for production of documents.

As the defendants were not required to prove that they did not breach their applicable standards of care, this evidence was sufficient to point out the absence of factual support for the plaintiff's claim. The burden was then shifted to Chyrisse to produce factual support sufficient to establish that she

will be able to satisfy her evidentiary burden at trial, which in this case, would be expert medical evidence. Chyrisse opposed the motions and filed the "Affidavit RE: Margaret Staten Medical Opinion" of Dr. Andrew Schneider. The affidavit states, in pertinent part:

> Before me, the undersigned authority, personally came and appeared:
>
> Dr. Andrew Schneider
>
> a person of the full age of majority and a resident of the Broward County, State of Florida, who upon being duly sworn by me, Notary, did depose and say that:
> I have reviewed the medical records of Margaret Staten including the submissions of the plaintiff and defendants. I have also reviewed the opinion of the Medical Review Panel in this case. I am familiar with the care received by Margaret Staten at Glenwood Regional Medical Center in April 2015, the care received from Dr. Richert and subsequent care received at St. Francis Medical Center. Upon information and belief, I am competent to testify in this matter given my familiarity with the standard of care which should be provided in the same or similar medical community to Glenwood Regional Medical Center and by Dr. Arthur Richert and Dr. Robin Sharp.

Dr. Schneider then gave his opinion that all of the defendants breached their standards of care. Defendants objected to the affidavit and Chyrisse later filed a letter from her attorney stating that Dr. Schneider's CV was attached.

Other than his title of "Dr.," there is no indication in the affidavit that Dr. Schneider is a medical doctor. There is no mention of his education, licenses, certifications, or experience. Therefore, there is no evidence that he is competent to testify as to the standard of care and breach thereof. The CV later filed is not sworn to or attested to in any way by Dr. Schneider. These documents do not meet the requirements of La. C.C.P. articles 966 and 967, and therefore, are not considered on the motions for summary judgment. Based on the evidence presented, Chyrisse did not show that she would be able to satisfy her burden at trial. Due to Chyrisse's failure to

prove she would be able to sustain her burden at trial, we affirm the trial court's granting of the defendants' motion for summary judgment.

*Motion for new trial*

Chyrisse also argues that the district court erred in denying her motion for new trial. She asserts that under the facts of this case, a new trial should have been granted on discretionary grounds to prevent a miscarriage of justice. She argues that Dr. Schneider's sworn addendum opinion addressed all the essential elements of her claim. She asserts that the defendants' reply to her opposition for summary judgment was filed "last minute" and deprived her of the opportunity to respond.

Unless the trial court abuses its discretion in ruling on a motion for new trial, its decision will not be overturned. *Cooper v. Patra*, 51,182 (La. App. 2 Cir. 2/15/17), 215 So. 3d 889, *writs denied*, 2017-0476 (La. 5/12/17), 219 So. 3d 1104, and, 2017-0481 (La. 5/12/17), 219 So. 3d 1105. A grant of a new trial is not to be used to give the losing party a second bite at the apple without facts supporting a miscarriage of justice that would otherwise occur. *Joseph v. Broussard Rice Mill, Inc.*, 2000-0628 (La. 10/30/00), 772 So. 2d 94; *Ryan v. Case New Holland, Inc.*, 51,062 (La. App. 2 Cir. 12/22/16), 211 So. 3d 611.

A new trial shall be granted, upon contradictory motion of any party, in the following cases: (1) When the verdict or judgment appears clearly contrary to the law and the evidence; (2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; and, (3) When the jury was bribed or has behaved improperly so that impartial justice has not been

11

done.  La. C.C.P. art. 1972.  A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.  La. C.C.P. art. 1973.

In the case before us, La. C.C.P. art. 1972 does not apply.  First, the motion for summary judgment was not clearly contrary to the law and evidence, based on our previous discussion of the motion for summary judgment.  Second, Chyrisse did not submit any new evidence that she could not have submitted prior to trial.  The documents she submitted were insufficient for consideration in the summary judgment proceedings.  Her motion for new trial was based on the same doctor's affidavit, only the affidavit attempted to correct the previously pointed-out defects during the motion for new trial.  This was not evidence that she could not have obtained prior to summary judgment proceedings.  There was no jury trial, so the third reason in article 1972 does not apply.

Therefore, we are presented with the question of whether Chyrisse's failure to file an adequate affidavit of Dr. Schneider is a good ground for granting a new trial under article 1973.  Chyrisse's argument in her motion for new trial was that "The judgment rendered … is clearly contrary to the law and evidence[.]"  We have already discussed this argument and find it to be without merit.  She also argued that because the defendants did not file their replies to her February 26 opposition until April 9 and 10, she was precluded from submitting "a detailed written response."  She also argued that Dr. Sharp is an internist despite being portrayed as a hospitalist, therefore Dr. Schneider is qualified to testify as to the standard of care.

These arguments do not warrant a finding that the trial court abused its discretion in denying her motion for new trial. Dr. Schneider's original affidavit was dated December 4, 2017. Chyrisse filed her opposition to the motions for summary judgment on February 26, 2018. Chyrisse's attorney had two and a half months to review Dr. Schneider's affidavit before filing it with her opposition. Therefore, the argument that she did not have time to respond to the defendants' replies pointing out the defect in the affidavit is without merit. It is the responsibility of the filing party to file the appropriate documents and not wait for the opposing party to point out the defects in those documents. This argument does not warrant the reversal of the district court's discretion.

Finally, the argument that "Dr. Sharp is an internist despite being portrayed as a hospitalist" is of no consequence. The affidavit was invalid, regardless of the field of expertise. This motion for new trial is an attempt at a second bite at the apple in order to remedy the deficient affidavit and present evidence to oppose the motions for summary judgment. For these reasons, the district court did not abuse its discretion in denying Chyrisse's motion for new trial.

## CONCLUSION

For the reasons stated above, we affirm the district court's granting of defendants' motion for summary judgment and denial of Chyrisse Staten's motion for new trial. Appellant bears the costs associated with this appeal.

**AFFIRMED.**

**WILLIAMS, C.J., dissents.**

I respectfully dissent. Because I conclude the medical expert's affidavit submitted by plaintiff creates a genuine issue of material fact as to defendant physicians' negligence, I would reverse the summary judgment rendered in their favor.

The plaintiff contends the trial court erred in finding that the expert affidavit she had submitted did not create a genuine issue of fact regarding the negligence of defendants in treating Ms. Staten. Plaintiff argues in her brief that the MRP opinion was not properly before the court because each defendant submitted a copy of the MRP opinion that was not certified and was not supported by an affidavit.

Any report of the expert opinion reached by the MRP shall be admissible as evidence in any action subsequently brought by the claimant in a court of law, but such opinion shall not be conclusive. La. R.S. 40:1231.8(H). An additional requirement is stated in Comment-2015(c) to Article 966, which provides that an opinion of the MRP cannot be filed in support of or in opposition to the motion for summary judgment unless it is properly authenticated and attached to an affidavit or deposition. At summary judgment, the court shall consider any document to which no objection is made. An objection to a document shall be made in a timely filed opposition or reply. La. C.C.P. art. 966(D)(2).

As the movers in this case, defendants pointed out the absence of factual support for an element of plaintiff's claim by showing that plaintiff either did not respond to discovery or failed to identify an expert who would testify that defendants had breached the applicable standard of care. To

1

further support their motions for summary judgment, defendants also submitted copies of the MRP opinion that were not certified and not attached to an affidavit or a deposition.

Such a filing would seem to be contrary to the above-cited comment to Article 966. However, based upon the plaintiff's failure to object in her opposition to such lack of certification, the statutory provision providing that the MRP opinion shall be admissible evidence in a subsequent action, and the Louisiana Supreme Court's finding in *Samaha* that Article 966 does not require the mover to file an affidavit in support of the motion for summary judgment, plaintiff has not shown that the trial court was precluded from considering the MRP opinion at summary judgment. Thus, plaintiff's argument lacks merit.

The plaintiff contends the trial court erred in incorrectly stating that she was required to present the opinion of an expert who practiced in the same specialty as that of defendants. Plaintiff refers to the trial court's comments at the summary judgment hearing that "when you're talking about gastro medicine you don't need to be talking to a pediatrician. You don't need to be talking to a podiatrist. You need to be talking to another gastro person. . . . I am saying if that's the rule then you're toast as it relates to the gastro" physician.

In a malpractice action based on the negligence of a physician where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians within the involved medical specialty. La. R.S.

9:2794(A)(1). A specialist's knowledge of the requisite subject matter, rather than the specialty he practices, determines whether a specialist may testify as to the applicable degree of care in a particular case. *McLean v. Hunter*, 495 So.2d 1298 (La. 1986). This court has previously found that a physician may offer an expert opinion on the standard of care owed by a physician of another specialty provided he has adequate knowledge of the subject matter. *See Harper v. Minor*, 46,871 (La. App. 2 Cir. 2/1/12), 86 So.3d 690.

At the hearing on summary judgment in this case, Dr. Richert's attorney argued that defendants should prevail because plaintiff had submitted an affidavit from an oncologist, who was the "wrong specialist" to testify as to whether there had been a breach of the standard of care applicable to Dr. Richert, a gastroenterologist, and Dr. Sharp, a "hospitalist." The trial court's comments noted above demonstrate that the court accepted this argument even though the record indicates that the alleged acts of negligence did not raise issues peculiar to the medical specialties involved.

The record shows that plaintiff alleges negligence in the defendants' response to the abnormal imaging shown in the MRI and CT scans and the lab results that together indicated the patient's risk of cancer. Under such circumstances, the statutory and case law do not require plaintiff to produce the opinion of an expert who practices the exact same specialty as the defendant physician to meet her evidentiary burden. Based on this record, the trial court erred in determining that the affidavit of plaintiff's expert was inadequate because Dr. Schneider was the wrong type of specialist to render an opinion in this case.

3

On summary judgment, the supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible under La. C.E. art. 702 and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C. P. art. 967(A). To establish medical malpractice, plaintiff must prove the standard of care applicable to defendant, that defendant breached that duty and a causal connection between the breach and the resulting injury. La. R.S. 9:2794; *Samaha v. Rau, supra*.

In opposition to summary judgment, plaintiff submitted the affidavit of Dr. Andrew Schneider, an oncologist. In his affidavit, Dr. Schneider testified that he had reviewed the medical records of Margaret Staten and was familiar with the medical care she received at Glenwood in April 2015. Dr. Schneider stated he had reviewed the MRP opinion and the parties' submissions to the panel. Dr. Schneider testified that he was familiar with the standard of care applicable to Dr. Richert, Dr. Sharp and Glenwood. Dr. Schneider specified a number of medical records that he considered in forming his opinion, including a CT scan of Staten's abdomen and pelvis on 4/19/15 showing abnormal stranding and studding of the mesentery that did not exclude a neoplastic process; the MRI of 4/22/15 showing patchy infiltration of the mesentery considered suspicious for neoplasm; the discharge summary of 4/24/15 stating that mesenteric inflammation was secondary to pancreatitis; and the CT angiogram of the abdomen and pelvis on 5/13/15 that continued to show studding in the mesentery suspicious for neoplasm.

4

Dr. Schneider opined that based on the April 2015 imaging suggestive of a neoplastic process, the applicable standard of care required Dr. Sharp and Dr. Richert to refer the patient for a laparoscopy and biopsy of the mesenteric lesions to check for cancer and also refer her to an oncologist, but they failed to take those actions. Dr. Schneider also opined that Dr. Sharp breached the standard of care in discharging the patient when Dr. Sharp knew or should have known from the imaging and Staten's history that a cancer diagnosis could not be ruled out. Dr. Schneider concluded that the defendants' failure to diagnose the malignancy caused injury by reducing the patient's chance of survival.

The defendants assert in their briefs that Dr. Schneider's affidavit attached to plaintiff's opposition is inadequate because he did not give information about his medical training, his board certifications or his experience and did not specify which medical records he relied on in forming his opinion. However, I note that in the MRP opinion on which defendants rely, the physician members of the MRP did not provide information regarding their medical training, specialties or experience. In addition, Dr. Schneider identified the specific MRI and CT scans that he reviewed to form his opinion.

In reviewing this record, I do not find any indication that Dr. Schneider is incompetent to testify about the matters discussed in his affidavit. Further, Dr. Schneider adequately listed in his affidavit the documentary evidence which he reviewed in arriving at his opinions.

In opposing summary judgment in this matter, plaintiff was required to submit expert medical testimony to raise a genuine issue of material fact

as to whether the defendants breached the applicable standard of care and caused injury to the patient.  Plaintiff produced the affidavit of Dr. Schneider, who testified that the MRI and CT angiogram scans displayed abnormal imaging which did not exclude the risk of metastatic cancer and that Dr. Sharp and Dr. Richert were notified of these results.  Dr. Schneider opined that Dr. Sharp and Dr. Richert failed to properly follow up on Ms. Staten's condition in light of these findings as required by the applicable standard of care.

Based on the evidence presented, I conclude that the medical expert's affidavit submitted by plaintiff was sufficient to establish a genuine issue of material fact regarding whether Dr. Sharp and Dr. Richert breached the applicable standard of care thereby causing injury to Ms. Staten.  However, I note that Dr. Schneider did not specify in his affidavit the manner in which Glenwood's nurses and staff were negligent in treating Staten.  Thus, I would reverse the summary judgment in favor of Dr. Sharp and Dr. Richert, but affirm the judgment in favor of Glenwood.